UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| E&A HOLDINGS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-02400-SEB-MJD ) |
| LEVITON MANUFACTURING CO., INC., | ) ) |
| Defendant. | ) ) |

**ORDER ON MOTION TO STAY**

This matter comes before the Court on Defendant's contested Motion to Stay Discovery and Proceedings. [Dkt. 15.] Defendant argues the matter should be stayed pending the resolution of its motion to dismiss. [Dkt. 13.]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). A court may stay a matter through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c). *See, e.g., E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108 at *2 (N.D. Ind. Aug.1, 2012). The party seeking a stay has no absolute right to a stay; rather, that party "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *Cloverleaf Golf Course, Inc. v. FMC Corp.*, 2011 WL 2838178, at *2 (S.D. Ill. July 15, 2011). "[The Court should] balance interests favoring a stay against interests frustrated by the action in light of the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *U.S. ex rel. Robinson v. Indiana University Health*

*Inc.*, 2015 WL 3961221 at *1, (S.D. Ind. 2015) (internal citation omitted). "Courts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, No. 1:14-CV-01589, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (quoting *New England Carpenters Health & Welfare Fund v. Abbott Labs*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013). District courts have "extremely broad discretion" in weighing these factors and in deciding whether a stay should issue. *Robinson*, 2015 WL 3961221 at *1.

As noted, Defendant requested to stay this matter pending the resolution of its motion to dismiss. The Magistrate Judge has now recommended the denial of that motion. In light of that recommendation, the balance clearly and distinctly weighs in favor of this matter proceeding as expeditiously as possible.

District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously, *see, e.g., James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005); *see also* Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."), and the Court thus prefers to avoid any further delay in the resolution of this case. The Court will exercise its discretion to **DENY** Defendant's motion to stay. [Dkt. 15.]

SO ORDERED.

Dated: 24 OCT 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.